(No. 5109.   May 8, 1929.)

IDAHO HIDE & FUR COMPANY, Respondent, v. PORT-
LAND HIDE & WOOL COMPANY, Appellant.

[277 Pac. 572.]

Holden & Coffin, for Appellant.

Walter H. Anderson, for Respondent.

T. BAILEY LEE, J.—This action was brought by the Idaho Hide & Fur Company to recover from the Portland Hide & Wool Company a sum of money alleged to be a balance due on a contract for the purchase and sale of a car-load of hides. The contract is evidenced by a series of letters and telegrams interchanged between the parties. Plaintiff seeks to recover on the basis of its grading and weighing at Pocatello, which it contends the contract provided for; defendant resists payment on the ground that the contract contemplated the grading and weighing of the hides at Portland, and contends that under the weighing and grading at that place the full amount due under the contract has been paid. The cause was tried by the court and a jury; the latter returned a verdict in favor of the plaintiff and judgment was entered thereon. From this judgment defendant has appealed.

The alleged error upon which appellant principally relies is that the court, and not the jury, should have construed the contract, as its terms are clear and unequivocal as evidenced by the letters and telegrams. Respondent contends (1) that because extrinsic matter was necessarily introduced in evidence to explain trade terms and ambiguities, the

contract was properly submitted to the jury for construction; and (2) that the jury properly construed the contract and that the submission of it to them for construction was, therefore, not reversible error.

█ The general rule applicable to such a set of facts as exists here is correctly stated as follows:

"The construction of a contract evidenced by letters, or letters and telegrams, is for the court; but where it is necessary to construe the writings in connection with extrinsic circumstances, the question must be left to the jury, unless the extrinsic facts or evidence are uncontroverted." (13 C. J., sec. 1004, pp. 788, 789.)

The meanings of the trade terms embodied in the writings before us and the explanations of ambiguities are not in dispute, the parties having used almost identically the same verbiage in their definitions and explanations thereof. But, it would seem that the patent terms of the contract itself were susceptible of different constructions. The matter relevant to weighing and grading is contained in the following offer of appellant (Exhibit "B"):

"Portland Oregon June 14 1926
"Idaho Hide and Fur Company
    "Pocatello Idaho
"Unable to sell your calf and kip Together we offer firm for our account for shipment Portland fourteen for calf eleven for kip three holes or more to constitute damaged at half price  you could ship to us drawing draft for seventy five percent  we will go through them here and remit balance immediately  wire if accept
        "PORTLAND HIDE AND WOOL COMPANY."

and respondent's acceptance (Exhibit "F"):

"Pocatello Idaho June 15 1926
"Portland Hide and Wool Co
    "Portland Org
"Accept your offer as per your telegram calf fourteen kip eleven graded job Pocatello  will start loading the sixteenth
        "IDAHO HIDE AND FUR CO."

Up to this point, there can be no question that the respondent required and understood that the weighing and grading was to be done at Pocatello. In fact, it was later proven and not disputed that the telegram should have read "f. o. b. Pocatello." instead of "job Pocatello." Then follows appellant's letter of confirmation in response to the acceptance telegram of respondent (Exhibit "E"):

"June 16, 1926.

"Idaho Hide & Fur Company,
   "Pocatello, Idaho.
   "Gentlemen: This will confirm purchase made of you of one carload of calf and kip. . . . Calf at 14¢ and kip at 11¢. Any skins with three holes or more to be graded out and priced with the hairslips at half price. You are to draw draft for 75% of the total value, attaching bill of lading to your draft. We will go through the skins when they arrive here and immediately make remittance for the balance due you. This does away with the necessity of sending anyone there to take them up as we know you are not up on the grading of calf with three holes or more. . . . . .
   "PORTLAND HIDE & WOOL COMPANY.
   "By N. B. STONE."

Upon the actual meaning of this verbiage any two equal minds might differ. The direction to draw draft for 75 per cent of the total value presupposes that respondent should have fixed a value,—a value certainly to be determined by weighing and grading. Yet there is the statement that appellant will "go through" the skins when they arrive, and that it "knows" respondent is "not up" on grading calf with three holes or more.

The court properly referred to the jury the duty of interpreting the terms employed.

Judgment affirmed. Costs to respondent.

Givens, Wm. E. Lee and Varian, JJ., concur.